Tiffany N. Travillion, Esq. (SBN #269755)
TRAVILLION LAW FIRM, APC
4100 W. Alameda Ave. Suite 300
Burbank, CA 91505
Phone: (818) 839-9819
Fax: (866) 372-2579
Email: tiffany@travlawgroup.com

Attorney for Plaintiff SCOTT LANDER and MATTHEW BERKLEY

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT LANDER; MATTHEW BERKLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> DONALD STOJACK, as an individual and dba VIRTUAL PROFIT PLAN; ANTHONY SIMONIE, as an individual and dba VIRTUAL PROFIT PLAN; HANNALIES BOSMAN, as an individual and dba VIRTUAL PROFIT PLAN; TYLER ELLISON, as an individual and dba VIRTUAL PROFIT PLAN; DAVID GREENLEE, as an individual; DOES 1 THROUGH 25, <br><br> Defendants. | Case No. <br><br> [*Diversity Jurisdiction Pursuant to 28 USC § 1332*] <br><br> **PLAINTIFFS' COMPLAINT FOR:** <br><br> 1. **BREACH OF ORAL AGREEMENT** <br> 2. **FRAUD** <br> 3. **NEGLIGENT MISREPRESENTATION** <br> 4. **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200** |

**COMES NOW** SCOTT LANDER and MATTHEW BERKLEY ("Plaintiffs"),

complaining of each of the Defendants as follows:

/ / /

**COMPLAINT**

-1-

## JURIDICTION

1. This Court has diversity jurisdiction over the claims of this action based on 28 U.S.C. §1332 which confer jurisdiction on federal district courts when the parties are from diverse jurisdictions and the amount in controversy is over $75,000.00.

2. The contract which is the subject of this suit was entered into and to be performed in the County of Los Angeles, State of California. Therefore, venue properly lies in this District, pursuant to 12 U.S.C. §2614 and 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff Scott Lander is an individual residing in the State of California, County of Los Angeles.

4. Plaintiff Matthew Berkley is an individual residing in the State of California, County of Los Angeles.

5. Plaintiffs are informed and believe, and thereon allege that Defendant Donald Stojack ("Stojack") is an individual residing in the State of Washington.

6. Plaintiffs are informed and believes, and thereon allege that Defendant Anthony Simonie ("Simonie") is an individual residing in the State of Texas.

7. Plaintiffs are informed and believes, and thereon allege that Defendant Hannalies Bosman ("Bosman") is an individual residing in the State of Washington.

8. Plaintiffs are informed and believes, and thereon allege that Defendant Tyler Ellison ("Ellison) is an individual residing in the State of Utah.

9. Plaintiffs are informed and believes, and thereon allege that Defendant David Greenlee ("Greenlee) is an individual residing in the State of Colorado.

10. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

Does 1 through 25, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

11.  Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned Defendants were agents, servants, employees, alter egos, superiors, successors-in-interest, joint venturers and/or co-conspirators of each of their co-Defendants and in doing the things herein after mentioned, or acting within the course and scope of their authority of such agents, servants, employees, alter egos, superiors successors-in-interest, joint venturers, and/or co-conspirators with the permission and consent of their co-Defendants, and consequently each Defendant named herein, and those Defendants named herein as Does 1 through 100, inclusive, are jointly and severely liable to Complainant for the damages and harm sustained as a result of their wrongful conduct.

## FACTUAL ALLEGATIONS

12.  Plaintiffs are licensed real estate agents doing business in Los Angeles California.

13.  Plaintiffs allege that Defendants represented themselves to be experts in marketing California real estate.

14.  Plaintiffs allege that in or around November 2020 they met with Defendants to discuss their marketing needs and the scope of services Defendants and their company, Virtual Profit Plan, could provide.

15.  Plaintiffs allege that during this virtual face-to-face meeting, they informed Defendants that their real estate business focused on historic and architectural properties within California, specifically Southern California.

16.  Plaintiffs allege that they further informed Defendants they represented sellers of historic properties and were looking to generate leads specific to this niche area.

17. Plaintiffs allege that Defendants verbally represented they could generate hundreds of leads within the Southern California real estate market specific to Plaintiffs' business needs.

18. In addition, Defendants verbally promised to create marketing campaigns through social media streams and create high quality marketing materials.

19. Plaintiffs allege that based on Defendants oral representations, they agreed to hire Defendants, who were doing business as Virtual Profit Plan.

20. Plaintiffs allege that in consideration for the services Defendants promised to provide, they paid Defendants $10,000.00 up front.

21. Plaintiffs allege that they made subsequent payments to Defendants totaling $17,000.00 in consideration for the marketing services and third-party lead generation programs.

22. Plaintiffs allege that Defendants failed to perform as agreed and refused to refund the monies paid upon demand.

**FIRST CAUSE OF ACTION**
**BREACH OF ORAL AGREEMENT**
**(AS AGAINST ALL DEFENDANTS)**

23. Plaintiffs re-allege and incorporate the allegations contained in the preceding paragraphs of this Complaint as if fully alleged herein.

24. Plaintiffs allege that in November 2020, they entered into a verbal agreement with Defendants to provide marketing services for their real estate business.

25. Plaintiffs allege that pursuant to the terms of the agreement, Defendants agreed to do the following: 1) generate targeted leads, specifically sellers of historic and architectural properties in Southern California looking to list their properties; 2) create marketing campaigns through social media streams and; 3) produce high quality written marketing materials to promote Plaintiffs' real estate business.

26. Plaintiffs allege that in consideration for the services to be performed, they agreed to pay Defendants $27,000.00.

27. Plaintiffs allege that Defendants breached the agreement by failing to provide any usable marketing materials for their business.

28. Plaintiffs allege Defendants further breached the agreement by failing to generate any real leads for persons in the market to sell historic or architectural properties in Southern California.

29. Plaintiffs allege the marketing materials prepared by Defendants were geared towards buyers and did not target their niche real estate business.

30. Plaintiffs allege Defendants further breached the agreement by disseminating marketing materials, over Plaintiffs' objection, that contained false and misleading statements in violation of California's Department of Real Estate Code and the National Association of REALTORS® Code of Ethics and Professional Standards.

31. Plaintiffs allege they had fully performed under the terms of the agreement by tendering to Defendants $27,000.00 at the time of Defendants' breach.

32. Plaintiffs allege that they did not utilize any other marketing avenues to promote their business and exclusively relied on Defendants' promise to create a workable, high quality marketing plan.

33. Plaintiffs allege that as a direct and proximate cause of Defendants' breach, they suffered damages in the form of loss income and did not realize any sales commissions during the period that Defendants were hired to promote their business through marketing services.

34. Plaintiffs allege that as a direct and proximate cause of Defendants' breach, they have suffered damages including but not limited, actual monies paid and loss income, in an amount

**COMPLAINT**

-5-

that exceeds $75,000.00.

## SECOND CAUSE OF ACTION:
## FRAUD
## (AS AGAINST ALL DEFENDANTS)

35. Plaintiffs re-allege and incorporate the allegations contained in the preceding paragraphs of this Complaint as if fully alleged herein.

36. Plaintiffs allege that in or around November 2020 they met with Defendants during a face-to-face virtual meeting.

37. Plaintiffs allege that during that meeting, Defendants verbally represented they were marketing experts specializing in California real estate.

38. Plaintiffs allege Defendants verbally represented that they were knowledgeable of the ethical standards for real estate marketing.

39. Plaintiffs allege Defendants further represented that they, and their company Virtual Profit Plan, had the experience, knowledge, and expertise in creating high quality marketing materials.

40. Plaintiffs are informed and believe, and thereon allege that Defendants' representations regarding their experience and expertise were false.

41. Plaintiffs are informed and believe, and thereon allege that Defendants knew their representations were false at the time that they made them and that they were made for the sole purpose of inducing Plaintiffs to hire them for services.

42. Plaintiffs allege Defendants knew they lacked the experience, knowledge, or familiarity with the ethical rules for marketing as required by the California's Department of Real Estate Code and the National Association of REALTORS® Code of Ethics and Professional Standards.

43. Plaintiffs allege the marketing materials created by Defendants contained misleading and false statements. Plaintiffs allege when they notified Defendants of the ethical violations, Defendants still disseminated the materials to social media streams over Plaintiffs' objections.

44. Plaintiffs allege Defendants did not produce any seller leads as further evidence that their statements were not only misleading, but they knew their statements were false. Plaintiffs allege the marketing materials did not include any language that would attract potential clients for Plaintiffs' business and failed to meet elementary marketing standards.

45. Plaintiffs allege Defendants knew, or should have known, that their misrepresentations would cause Plaintiffs to rely on their statements.

46. Plaintiffs allege that they reasonably relied on Defendants statements regarding their expertise and experience to enter into the agreement.

47. Plaintiffs allege that as a direct and proximate cause of their reliance on Defendants' representations, they did not hire any other marketing company and relied exclusively on Defendants to create and produce the marketing plans, strategies, and materials for their business.

48. Plaintiffs allege that they reasonably relied on Defendants' misrepresentations to their detriment.

49. Plaintiffs allege that due to the unique type of real estate they sell, had Defendants generated at least one (1) lead they would have received commission sales of at minimum $50,000.00.

50. Plaintiffs allege that Defendants did not produce any leads.

51. Plaintiffs allege had they not relied on Defendants' misrepresentations they could have generated commission sales of at least $100,000.00 within the one (1) year span that they relied on Defendants.

**COMPLAINT**

-7-

52. Plaintiffs allege that as a direct and proximate cause of their reliance on Defendants' misrepresentations they suffered damages, in an amount that exceeds $75,000.00.

### THIRD CAUSE OF ACTION:
### NEGLIGENT MISREPRESENTATION
### (AS AGAINST ALL DEFENDANTS)

53. Plaintiffs re-allege and incorporate the allegations contained in the preceding paragraphs of this Complaint as if fully alleged herein.

54. Plaintiffs allege that in or around November 2020 they met with Defendants during a face-to-face virtual meeting.

55. Plaintiffs allege that during that meeting, Defendants verbally represented they were marketing experts specializing in California real estate.

56. Plaintiffs allege Defendants verbally represented that they were knowledgeable of the ethical standards for real estate marketing.

57. Plaintiffs allege Defendants further represented that they, and their company Virtual Profit Plan, had the experience, knowledge, and expertise in creating high quality marketing materials.

58. Plaintiffs are informed and believe, and thereon allege that Defendants' representations regarding their experience and expertise were false.

59. Plaintiffs are informed and believe, and thereon allege that Defendants knew their representations were false at the time that they made them and that they were made for the sole purpose of inducing Plaintiffs to hire them for services.

60. Plaintiffs allege Defendants knew they lacked the experience, knowledge, or familiarity with the ethical rules for marketing as required by the California's Department of Real Estate Code and the National Association of REALTORS® Code of Ethics and Professional

Standards.

61. Plaintiffs allege the marketing materials created by Defendants contained misleading and false statements. Plaintiffs allege when they notified Defendants of the ethical violations, Defendants still disseminated the materials to social media streams over Plaintiffs' objections.

62. Plaintiffs allege Defendants did not produce any seller leads as further evidence that their statements were not only misleading, but they knew their statements were false. Plaintiffs allege the marketing materials did not include any language that would attract potential clients for Plaintiffs' business and failed to meet elementary marketing standards.

63. Plaintiffs allege Defendants knew, or should have known, that their misrepresentations would cause Plaintiffs to rely on their statements.

64. Plaintiffs allege that they reasonably relied on Defendants statements regarding their expertise and experience to enter into the agreement.

65. Plaintiffs allege that as a direct and proximate cause of their reliance on Defendants' representations, they did not hire any other marketing company and relied exclusively on Defendants to create and produce the marketing plans, strategies, and materials for their business.

66. Plaintiffs allege that they reasonably relied on Defendants' misrepresentations to their detriment.

67. Plaintiffs allege that due to the unique type of real estate they sell, had Defendants generated at least one (1) lead they would have received commission sales of at minimum $50,000.00.

68. Plaintiffs allege that Defendants did not produce any leads.

69. Plaintiffs allege had they not relied on Defendants' misrepresentations they could have generated commission sales of at least $100,000.00 within the one (1) year span that they

relied on Defendants.

70. Plaintiffs allege that as a direct and proximate cause of their reliance on Defendants' misrepresentations they suffered damages, in an amount that exceeds $75,000.00.

### THIRD CAUSE OF ACTION:
### VIOLATION OF BUSINESS & PROFESSIONS CODE §17200
### (AS AGAINST ALL DEFENDANTS)

71. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

72. Plaintiffs allege that Defendants, each of them, engaged in unfair, unlawful, and fraudulent business practices by fraudulently representing that they had the experience, knowledge, and expertise to market real estate in Southern California.

73. Plaintiffs allege that Defendants knew, or should have known, their representations were false and deceptive.

74. Plaintiffs allege the acts of Defendants, each of them, constitute unfair business practices and/or acts, as defined in California Business and Professions Code §§17200.

75. As a direct and proximate cause of the acts of the named Defendants, Plaintiffs have suffered damages and is seeking restitution in the amount that exceeds $27,000.00.

### JURY TRIAL

76. Plaintiffs demand a jury trial of all triable facts.

**WHEREFORE** Plaintiff prays for relief as set forth below:

1. First Cause of Action – Breach of Oral Contract
    a. Damages in an amount that exceeds $75,000.00
    b. For the costs of this suit; and
    c. Any other relief deemed appropriate.
2. Second Cause of Action – Fraud
    a. Damages in an amount that exceeds $75,000.00
    b. For the costs of this suit; and

**COMPLAINT**

c. Any other relief deemed appropriate.
3. Third Cause of Action – Negligent Misrepresentation
    a. Damages in an amount that exceeds $75,000.00
    b. For the costs of this suit; and
    c. Any other relief deemed appropriate.
4. Third Cause of Action – Violation of Bus. Prof. Code §17200
    a. Damages in an amount that exceeds $27,000.
    b. For the costs of this suit; and
    c. Any other relief deemed appropriate.

Dated: January 21, 2022

**TRAVILLION LAW FIRM, APC.**

By: _____
Tiffany N. Travillion, Esq.
Attorney for Plaintiffs
SCOTT LANDER and MATTHEW BERKLEY

**COMPLAINT**

-11-